NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-809

K.A.

vs.

C.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following an evidentiary hearing, a District Court judge extended the plaintiff's one-year abuse prevention order against her former boyfriend, the defendant, for an additional year.  On appeal, the defendant contends that the evidence was insufficient to allow a finding that the plaintiff continued to suffer from abuse, in the form of a fear of imminent serious physical harm, at the time of the renewal hearing.  Determining that the evidence was sufficient, we affirm.

Background.  During the renewal hearing, the judge reviewed the plaintiff's affidavit which recounted that the defendant had threatened the plaintiff, her family, and her friends on multiple occasions including specifically on August 13, 2022.

At that time, the defendant told the plaintiff that he had bought a gun and that he was going to "put a bullet through [the plaintiff's] friend's head, then go to [the plaintiff] right after." The incident "caused [her] immediate fear." The plaintiff also related that the defendant had threatened her with "suicidal attempts." After their relationship ended, the plaintiff blocked the defendant from all social media, but this did not deter him from continuing to pursue her; she feared that she and those around her were in physical danger.

After affirming that the statements in the affidavit were true, the plaintiff stated that she was seeking an extension because she remained in fear. She emphasized that the defendant had threatened to murder her with a gun, and that he was unstable and volatile.[1]

The defendant offered three videos, posted by the plaintiff on social media, and argued that they indicated that the plaintiff "made light of the situation, that there is actually no fear." Finding sufficient basis in the evidence, the judge renewed the order for an additional year.

Discussion. We review the issuance or renewal of a c. 209A order for an abuse of discretion or other error of law. See

---

[1] The plaintiff also testified that the defendant would threaten to send photos and videos to her employer to get her fired if she did not agree to meet with him.

Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022). A judge's discretionary decision constitutes an abuse of discretion where the reviewing court "conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here, the plaintiff sought protection under G. L. c. 209A on the basis that the defendant had placed her in fear of imminent serious physical harm. When a plaintiff seeks to establish that the defendant's words and conduct have put the plaintiff in fear of imminent serious physical harm, that fear must be objectively reasonable in light of the defendant's actions and the attendant circumstances. See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 143 (2006).

At any renewal hearing, the plaintiff bears the burden of establishing that "an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 318 (2020), quoting Iamele v. Asselin, 444 Mass. at 734, 739 (2005). In this case, the plaintiff was required to show that, at the time of the extension hearing, she had a reasonable fear of imminent serious physical harm. See Iamele v. Asselin, 444 Mass. at 734-735.

The defendant acknowledges that the plaintiff's affidavit provided sufficient evidence to issue the restraining order at the outset. He contends, however, that the plaintiff's stated reason for renewing the order reveals no continuing fear. Contrary to the defendant's assessment, the plaintiff's testimony was replete with references to her fear of the defendant.

When asked why she felt she needed an extension of the order, the plaintiff said, "he threatened me after and during our time together. . . . this individual has made me fear for my life. He was very unstable and volatile. . . . He got guns and -- like, a gun involved . . . . Threatened me with a gun -- for murder. So for my safety and my mental peace, I am seeking the renewal of the restraining order." The plaintiff specifically confirmed to the judge that she remained in fear of the defendant.

"It is the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order, that govern." Iamele, 444 Mass. at 740. Given the basis for the initial abuse prevention order -- the defendant's threat to "put a bullet through [the plaintiff's] friend's head, then go to [the

4

plaintiff] right after" -- the ongoing fear expressed by the plaintiff appears to be reasonable.  We discern no error or abuse of discretion in the judge's extension of the order.

<u>Order entered September 8, 2023, affirmed</u>.

By the Court (Ditkoff, Singh & Smyth, JJ.[2]),

Paul Little

Clerk

Entered:  June 16, 2025.

---

[2] The panelists are listed in order of seniority.